# Bartol *versus* Forker.

*Held*, that a creditor having advised the propriety of the creditors accepting proposed terms of composition with their debtor, did not amount to a binding agreement on the part of such creditor, though others of the creditors, *less than the whole number*, afterwards agreed to the terms proposed, and executed the agreement; it not being alleged that the creditors who signed the composition had been induced to do so by an agreement of the plaintiff to sign the same.

ERROR to the District Court, *Philadelphia.*

J. Forker and F. Haines, trading as Forker & Haines, brought suit against B. H. Bartol, to December Term, 1849, on two promissory notes, one dated in 1847, and one in 1848. The defendant made an affidavit of defence as follows:

B. H. Bartol, the defendant above named, being duly sworn according to law, doth depose and say that he has a just and legal defence to the whole of the plaintiffs' demand in the above suit, the nature and character of which is as follows, to wit:

That the deponent was engaged in the city of New York, in the business of manufacturing paper. That he became embarrassed in his said business, and made an assignment upon the 5th of April, 1848, to D. K. Hall, for the benefit of his creditors. That the said assignee sold the effects of the deponent and collected such of the debts due the estate as could be recovered, when it was found that the assets were sufficient to pay only twenty-five per cent. of the claims against him.

This was communicated to the plaintiffs and the other creditors by Mr. Hall, who at the same time offered to advance an additional ten per cent., and pay each of the creditors thirty-five per cent. of their respective demands, provided they would release the deponent from all further liability. This arrangement the plaintiffs approved of, and by their advice, persuasion, and representations, endeavored to induce the other creditors to consent to. All

[Bartol *v.* Forker.]

the creditors, with the exception of the plaintiffs and two other parties, did consent to the arrangement, sign a release, and receive thirty-five per cent. of their claims. That after the other creditors had so signed the release and received their percentage, the plaintiffs, on being requested to sign said release, and receive their proportion of the funds, refused so to do; but agreed' that if they were paid twenty-five per cent. of their claim, they would forbear prosecuting the deponent for one year from the date of such payment, and if within said year they should be paid an additional twenty-five per cent., making altogether fifty per cent. of their claim, they would then release the deponents from all further demands. That in pursuance of this agreement, the said assignee upon the 12th of March, 1849, paid the plaintiffs twenty-five per cent. of their claim. That the plaintiffs have since been tendered payment of the second instalment of twenty-five per cent. of their claim, and have refused to receive the same.

That a year from the date of payment of their first instalment has not yet elapsed.

All of which the said deponent expects to prove upon the trial of this cause.

The defendants in error then obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and after argument the rule was made absolute, and judgment entered.

It was assigned for error:

That the court erred in directing judgment to be entered for want of a sufficient affidavit of defence.

*Frazer,* for plaintiff in error, contended, that although an agreement to receive less than the whole amount due, is without consideration, and therefore void, as between debtor and creditor alone, when the rights of third parties are in no way affected; yet it is not so where other creditors have, or may have been induced to enter into a composition upon the faith of such agreement.

"If a creditor, under a composition arrangement with *other creditors* and the debtor, accept or *agree to accept* part of his demand as a composition or in full of his demands, the claim to the remainder is in law extinguished, although there is not a release by the deed, because it would be a fraud on the other creditors to seek to enforce the payment of the balance:" *Chitty on Contracts* 775; Lewis *v.* Jones, 4 *B. & C.* 506, 514; Mackenzie *v.* Mackenzie, 16 *Ves.* 372; Case *v.* Gerrish, 15 *Pick.* 50; Wiggin *v.* Rush, 12 *Johns* 306; Payne *v.* Eden, 3 *Caine* 213; 2 *Camp.* 124; 3 *Id.* 174.

A creditor who concurs in the primary arrangement, for a composition, and by his conduct induces other creditors to enter into

[Bartol *v.* Forker.]

it, is bound thereby: 12 *Price* 183; 2 *Stark* 368; 1 *Camp.* 147; 2 *Id.* 383; 8 *Bing.* 258; 24 *Wend.* 294; 1 *New Rep.* 124, Anstey *v.* Marden; 4 *Barr* 507, Patterson *v.* Boehm.

*J. Fallon*, for defendant in error.—The plaintiffs recommended the proposed plan to their fellow creditors; but awaiting to see what response it would meet with from them before *they agreed* themselves, they found that *two* of the creditors refused to come into the measure, and the plaintiff thereupon refused to release. We are not told the number of the creditors nor the relative amount of the debts due to "the two others" who refused to agree, as compared with the balance of the creditors, nor is this material.

*The question is,* whether, if, at a meeting of creditors, one of them *advocates the propriety* of their accepting of general terms offered to all, does such advocacy amount to an absolute binding agreement on his part, if afterwards any one or more of the creditors, short of the whole body, choose to agree on their own account to the terms proposed? All the cases cited by the counsel of plaintiffs in error, on this point, come under one of three heads.

1. The case of the creditor having actually signed the composition deed, where he is held bound by its terms, and cannot enforce any secret agreement for more favorable terms.

2. Where the creditor *agreed by parol* to the composition deed, and promised to sign it.

3. The cases of an *approval* of a proposed *assignment*, which, under certain circumstances, has been held to debar the creditor from afterwards disputing the assignment.

No case has been cited where the mere *approval* of the terms of a composition deed, in the absence of proof that all the other creditors agreed to it, was held binding on any one of them who did not actually agree to it either verbally or in writing.

*The second arrangement* mentioned in the affidavit of defence, that of receiving 50 per cent. in satisfaction, is at most an accord without satisfaction, and not binding for want of consideration. It is not pretended that any of the creditors, except the plaintiffs below, were parties to this second arrangement.

Such agreements, if not fully complied with, are not binding: Spruneberger *v.* Dentler, 4 *Watts* 128.

The plaintiffs merely received 25 per cent., the admitted amount of the assets in the assignee's hands which belonged to the plaintiffs.

An agreement to take a less sum than that due, if not under seal, is not binding: Whitehill *v.* Wilson, 3 *Penna. St. Rep.* 413; Kennedy *v.* Ware, 1 *Barr* 451.

The opinion of the court was delivered January 30, by

COULTER, J.—An agreement to take a less sum than the debt

[Bartol *v.* Forker.]

in discharge or satisfaction, if not under seal, is no payment, nor equivalent to a release: 3 *Penna. St. Rep.* 413; 1 *Barr* 451. The plaintiff received 25 per cent. of the debt, but that was only his share of the assets in hand. And the assignee paid that sum, not under the arrangement which was advocated by the plaintiffs below, but because they were entitled to so much of the assets already husbanded; and therefore it furnished no consideration for the agreement on which the defence is alleged to be founded.

But at most, the plaintiff advised and proposed the arrangement by which the defendants were to be released upon the payment of 35 per cent., if all the creditors assented. And if the defendant had sworn that the creditors who did sign the agreement had been induced to do so by the representations and arguments and agreement by plaintiff to sign them, it would have been a fraud on the creditors who executed the agreement, on the faith of these assurances, if the plaintiff were at liberty to disregard them. But the mere fact of one of the creditors upon a general meeting proposing and advocating the propriety of accepting particular terms of composition does not amount to a binding agreement on his part, if afterwards any two or more of the creditors, short of the whole body, choose on their own account to agree to the terms proposed, and sign the agreement. Here some of the creditors refused to sign, and then the plaintiff refused, as the agreement could not be general, and carried out according to his proposition. We think no principle of law interdicted them from doing so, and that it did not produce a release or forfeiture of their debt. The second branch of the affidavit was clearly insufficient, and has not been insisted on.

We think the court below were right in entering judgment for plaintiff, notwithstanding the affidavit of defence.

Judgment affirmed.